UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AMELIA MARITIME GROUP LTD.,          :
                                     :
                Petitioner,          :
                                     :    22 CV 10269 (JSR)
        v.                           :
                                     :
INTEGR8 FUELS INC.,                  :
                                     :
                Respondent.          :
------------------------------------------------------X

**RESPONDENT'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PETITION FOR INJUNCTIVE RELIEF,
<u>DECLARATORY JUDGMENT AND DAMAGES</u>**

Respondent, Integr8 Fuels Inc. ("Integr8"), by and through its undersigned counsel, hereby answering Petitioner's Petition for Injunctive Relief, Declaratory Judgment and Damages, responds as follows:

1. Integr8 denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Petition.

2. Integr8 has previously withdrawn its demand for arbitration against Petitioner (see ECF # 12) and thus denies there is any basis for a stay or preliminary injunction against it, and further denies that as a matter of law it does not have an in personam claim against Petitioner.

3. Denied.

4. Integr8 has previously withdrawn its demand for arbitration against Petitioner (see ECF # 12) and thus denies there is any basis for declaratory relief or a permanent injunction to be issued against it.

5. Integr8 denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Petition.

6. Admitted.

7. Denied.

8. Denied.

9. Integr8 admits it served a demand for arbitration in New York, but it has previously withdrawn its demand for arbitration against Petitioner (see ECF # 12) and further denies it has consented to venue in this Court for any purpose other than in relation to the withdrawn demand for arbitration.

10. Integr8 admits it entered a contract with Harmony Innovation Shipping Ltd. for the sale of 350 to 450 metric tons of HSFO marine fuel at a price of $487 per metric ton, which agreement was evidenced by Integr8's Buyer Confirmation dated August 6, 2018, and which incorporated Integr8's General Terms and Conditions, including a New York arbitration clause and which provided for the application of US federal maritime law and New York State law and, except as so admitted, denies the remaining allegations set forth in paragraph 10 of the Petition.

11. Admitted, except that the place where the bunkers were supplied is Koh Si Chang, Thailand.

12. Integr8 denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Petition.

13. Admitted.

14. Integr8 denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Petition.

15. Integr8 denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15 of the Petition.

16. Integr8 admits that on September 14, 2020, it contacted Overseas Marine Enterprises Inc., which at all material times was the operator of the subject Vessel, demanding payment for the bunkers in the amount of $209,410 plus interest and, except as so admitted, denies the remaining allegation set forth in paragraph 16 of the Petition.

17. Admitted.

18. Integr8 admits that it arrested the vessel in Rotterdam seeking recovery on its claim for the unpaid bunkers.

19. Integr8 admits that the Rotterdam court lifted the arrest and, further admits it was ordered to pay costs to Petitioner in relation to the arrest and, except as so admitted, denies the remaining allegations set forth in paragraph 19 of the Petition.

20. Integr8 admits that the Dutch Court's decision includes language which appears to have been translated from Dutch to English, as alleged in paragraph 20 of the Petition.

21. Integr8 admits that it arrested the vessel in the United Arab Emirates seeking security for its claim against the Vessel for non-payment of the fuel Integr8 supplied to the Vessel on or about August 20, 2018 and, except as so admitted, denies the remaining allegations set forth in paragraph 21 of the Petition.

22. Integr8 admits that the United Arab Emirates has or will conduct hearings in relation to the arrest and that Petitioner has posted security for the release of the Vessel and, except as so admitted, Integr8 denies knowledge or information sufficient to form a belief as to the remaining allegation set forth in paragraph 22 of the Petition.

23. Denied.

24. Integr8 admits that it served an arbitration demand on Harmony Innovation Shipping Ltd. and Petitioner on or about November 25, 2022, which demand as against Petitioner has previously been withdrawn (see ECF # 12).

25. Integr8 admits that its arbitration demand stated that arbitral proceedings would be conducted in New York in accordance with the rules of the Society of Maritime Arbitrators, Inc., which demand as against Petitioner has previously been withdrawn (see ECF # 12).

26. Integr8 admits that its arbitration demand named Mr. David Martowski as its appointed arbitrator, which demand as against Petitioner has previously been withdrawn (see ECF # 12).

27. The allegations set forth in paragraph 27 of the Petition state legal conclusions to which no response is required, however, to the extent a response is required, Integr8 denies the allegations set forth in paragraph 27 of the Petition.

28. Admitted.

29. Integr8 denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29 of the Petition.

30. Admitted.

31. Integr8 admits that Petitioner is not a signatory to any agreement with Integr8 and, except as so admitted, denies the remaining allegations set forth in paragraph 31 of the Petition and further responds that its demand for arbitration as against Petitioner has previously been withdrawn (see ECF # 12) and thus Petitioner's demand for a stay and injunction against the arbitration is moot.

32. Integr8 admits it has an *in rem* claim against the Vessel and, except as so admitted, denies that as a matter of law it has no *in personam* claim against Petitioner.

33. Denied.

34. Denied.

35. Integr8 denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 35 of the Petition.

## RESONSE TO REQUEST FOR RELIEF

1. Integr8 has previously withdrawn its demand for arbitration as against Petitioner (see ECF # 12). Thus, Petitioner's claim for a temporary and permanent injunction staying the New York arbitration is moot.

2. Integr8 hereby stipulates that it will not seek to demand arbitration against Petitioner in the future, or maintain that there is an agreement to arbitrate as between Petitioner and Integr8.

3. There is no legal basis for an award of costs to Petitioner in respect of this proceeding or the pending vessel arrest action in the United Arab Emirates, and Integr8 has paid Petitioner the costs ordered by the Rotterdam court.

4. There is no other just and appropriate relief to which Petitioner is entitled.

## AFFRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims asserted in the Petition because there is no diversity of citizenship between the parties, the Federal Arbitration Act does not provide an independent basis for federal subject-matter jurisdiction, there is no federal question implicate in the Petition and there is no basis for admiralty jurisdiction.

### SECOND AFFIRMATIVE

Petitioner's Petition fails to state any claim on which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Petitioner has failed to effect service of process against Respondent.

## FOURTH AFFIRMATIVE DEFENSE

This Court may lack of personal jurisdiction over Respondent for any matter other than in relation to Respondent's demand for arbitration, which demand was withdrawn as against Petitioner (ECF # 12).

## FIFTH AFFIRMATIVE DEFENSE

Petitioner's declaratory judgment claim fails to present a justiciable controversy between the parties because Respondent has withdrawn its demand for arbitration as against Petitioner (ECF # 12), and stipulated that it will not demand arbitration in the future as against Petitioner, or maintain that there is an agreement to arbitrate as between Petitioner and Respondent.

## SIXTH AFFIRMATIVE DEFENSE

Assuming there is a justiciable controversy, which is denied, this Court should decline to exercise its discretionary jurisdiction over Petitioner's declaratory judgment claim which seeks relief in relation to Respondent's demand for arbitration against Petitioner which has previously been withdrawn (ECF # 12) and Respondent has stipulated that it will not demand arbitration in the future as against Petitioner, or maintain that there is an agreement to arbitrate as between Petitioner and Respondent.

**WHEREFORE**, Respondent Integr8 Fuels Inc. denies that Petitioner Amelia Maritime Group Ltd. is entitled to any of the relief it seeks, and further prays as follows:

1. That this Court dismiss the Petition;

2. In the alternative, that this Court enter judgment in favor of Respondent on all claims for injunctive and declaratory relief asserted in the Petition; and

3. For such other and further relief as it deems just and proper under the circumstances, including attorneys' fees and expenses of litigation.

January 6, 2023

                              Respectfully submitted,

                              The Respondent,
                              INTEGR8 FUELS INC.

                     By: /s/ *Patrick F. Lennon*
                              Patrick F. Lennon
                              LENNON, MURPHY & PHILLIPS, LLC
                              The GrayBar Building
                              420 Lexington Ave., Suite 300
                              New York, NY 10170

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all known counsel of record, in accordance with the Federal Rules of Civil Procedure, via ECF on this 6th day of January 2023.

/s/ *Patrick F. Lennon*
Patrick F. Lennon
