BLANK ROME LLP
Attorneys for Petitioner
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000
William R. Bennett III
Noe S. Hamra

Attorneys for Petitioner,
*Amelia Maritime Group Ltd.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| AMELIA MARITIME GROUP LTD., | | Civ. No. 1:22-cv-10269 |
| | Petitioner, | |
| v. | | **FIRST AMENDED PETITION FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND DAMAGES** |
| INTEGR8 FUELS INC., | | |
| | Respondent. | |

Petitioner, Amelia Maritime Group Ltd. ("Amelia"), by and through its attorneys Blank Rome LLP, hereby amends its Petition for, declaratory judgment and damages against Respondent Integr8 Fuels Inc. ("Integr8") pursuant to Fed. R. Civ. P. 15(a)(1)(B).[1] In support of this Amended Petition, Petitioner respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.    Petitioner Amelia brought this action pursuant to 9 U.S.C. §§ 3 and 4, to stay an arbitration commenced by Respondent Integr8, and for a preliminary injunction to enjoin Respondent from proceeding forward with the arbitration commenced by Integr8. The Petition sought, at bottom, to enjoin Intergr8 from bringing any future *in personam* claim against Amelia, since none exists as a matter of law.

---

[1] The Petition's request for injunctive relief became moot when Interg8 withdrew its demand for arbitration.

2. As detailed in the Memorandum of Law accompanying Amelia's initial Petition (Dkt. 6), the basis for enjoining Intergr8 from commencing future *in personam* actions is that there is no contract or agreement between Amelia and Integr8 to submit any dispute to arbitration nor any claim that Amelia was negligent. In fact, as a matter of law, Respondent does not have any *in personam* claims against Amelia.

3. Should Amelia be forced to arbitrate or litigate a dispute, where Amelia has not entered into any contract with Respondent, it will suffer irreparable harm. Moreover, Amelia can demonstrate a likelihood of success on the merits of its claim that it has never been a party to a contract with Respondent and that no claim for unpaid bunkers can be asserted against Amelia.

4. Amelia seeks declaratory judgment and permanent injunction enjoining Integr8 from further proceeding with arbitration against Amelia and/or from ever bringing an *in personam* claim against Amelia for Integr8's claim for unpaid bunkers fully described below.

## THE PARTIES

5. Amelia is a foreign corporation organized and existing under the laws of the Republic of Liberia.

6. Upon information and belief, Integr8 is a foreign corporation organized and existing under the laws of the Marshall Islands.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this matter pursuant to 9 U.S.C. §§ 3 and 4.

8. This also is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

9. Venue is proper pursuant to 9 U.S.C. § 4 and because Respondent served a demand for arbitration in New York, thereby consenting to venue in this Court for purposes of any actions regarding the arbitration clause, including this action.

## BUNKER DELIVERY

10. On or about August 20, 2018, Harmony Innovation Shipping Ltd. ("Harmony"), the then charterers of the Vessel in question, which at the time was named M/V GOLDEN DESTINY, entered into a contract with Integr8 for the supply of approximately 430 metric tons of bunkers (marine fuel oil) at a price of USD 487 per metric ton. The agreement for provision of the bunkers was evidenced by Integr8 Sales Confirmation and appears to be subject to Integr8's General Terms and Conditions that provide for application of "the federal maritime law of the United States or, should no such law exist on any particular issue, the laws of the State of New York", and arbitration in the City of New York.

11. In accordance with the contract between Harmony and Integr8, bunkers were provided to the M/V GOLDEN DESTINY at Kohsi Chang, Thailand on August 20, 2018.

12. At the time of the bunker delivery, the owner of the M/V GOLDEN DESTINY was Golden Star Marine SA.

13. According to Integr8's invoice to Harmony dated August 24, 2018, the value of the bunkers supplied is USD209,410 (430mts at USD487 per mt).

## THE PURCHASE OF THE VESSEL

14. On February 26, 2020, Amelia purchased the M/V GOLDEN DESTINY from Golden Star Marine SA.

15. On or about the same time, the vessel was renamed to M/V AUZONIA.

3

## THE PARTIES' DISPUTE

16. On September 14, 2020, nearly two years after the delivery of the bunkers to Harmony, Integr8 contacted Overseas Marine Enterprises Inc. ("Overseas Marine"), the current operators of the M/V AUZONIA, by email demanding payment for the bunkers in the amount of US$209,410 plus interest.

17. On November 30, 2020, Integr8 sent a second email to Overseas Marine demanding payment of US$209,410 plus interest in the amount of US$143,823.93.

18. On November 28, 2021, Integr8 arrested the M/V AUZONIA in Rotterdam to recover for its claim regarding the unpaid bunkers.

19. The Court in Rotterdam ruled the arrest was wrongful under US law and Integr8 was found liable to reimburse Amelia for its legal fees incurred in defending the arrest.

20. Of note, the Dutch Court stated at paragraph 4.4 of its opinion:

> The Preliminary Injunction Judge states, first and foremost, ***that lntegr8 has no claim against Amelia.*** After all, Amelia has no obligation to pay the purchase price for the bunker deliveries to lntegr8. ***Amelia is not a party to the purchase agreement concluded between Integr8 and the charterer at that time and there is also no reason to assume that a shipowner becomes debtor in the case of an order of bunker deliveries by a time charterer.*** Therefore, the question to be assessed now is whether the claim of Integr8 can be recovered from the ship belonging to Amelia. (Emphasis added)

21. Unhappy with the result in the Netherlands, on November 19, 2022, Integr8 again proceeded to arrest the M/V AUZONIA in the United Arab Emirates ("UAE") seeking security for its claim of unpaid bunkers.

22. Amelia, as owner of the M/V AUZONIA, is taking steps to challenge the arrest as it did in the Netherlands.

23. Integr8's subsequent arrest in the UAE is nothing more than a vexatious action to cause Amelia financial hardship.

### INTEGR8'S ARBITRATION DEMAND AND INITIAL PETITION

24. On or about November 25, 2022, Integr8 served on Amelia its Demand for Arbitration ("Demand").

25. The Demand states the arbitral proceedings are to be conducted in New York in accordance with the rules of the Society of Maritime Arbitrators, Inc.

26. In its Demand, Integr8 named Mr. David Martowski as Integr8's party-appointed arbitrator.

27. On December 5, 2022, Amelia filed a Petition for Injunctive Relief, Declaratory Judgment and Damages. (Dkt. 9.)

28. This Court issued an Order to Show Cause on December 5, 2022 (Dkt. 10) staying the arbitration proceedings pending a hearing and decisions on Petitioner's initial application for a Declaratory Judgment that it is not obligated to arbitrate with Respondent and permanently enjoining such arbitration.

29. Faced with responding to the Order to Show Cause, Respondent withdrew its demand for arbitration against Petitioner on December 8, 2022, without providing any explanation as to why it withdrew its demand.

30. On January 6, 2023, Respondent filed an answer to Amelia's Petition. (Dkt. 14.)

### THERE IS NO AGREEMENT TO ARBITRATE AND INTEGR8 HAS NO IN PERSONAM CLAIM AGAINST AMELIA

31. Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.

166452.06501/130188492v.1

32. Amelia did not contract with Integr8 for the provision of bunkers to the M/V GOLDEN DESTINY.

33. In fact, Amelia was not even the owner of the M/V GOLDEN DESTINY at the time Integr8 supplied the bunkers to the vessel.

34. Amelia is not a signatory to an agreement to arbitrate between Integr8 and Amelia.

35. Because Amelia is not a party to any agreement with Integr8, there is no basis for which Integr8 can proceed to arbitration against Amelia on its claim for unpaid bunkers. Not now, not ever.

36. Further, as a matter of law, Integr8 has no *in personam* claim against Amelia. If Integr8 had any claim, which is denied, it would be an *in rem* claim against the vessel.

37. Amelia is likely to succeed on the merits of its claim as it was not a party to any contract with Respondent.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Amelia respectfully requests that this Court:

1. Issue an Order permanently enjoining Integr8 from bringing arbitration proceedings against Amelia for the unpaid bunker claim described herein;

2. Enter Declaratory Judgment in favor of Amelia stating that there is no agreement to arbitrate as between Amelia and Integr8 and that Integr8 has no valid *in personam* claim against Amelia;

3. Issue an Award in favor of Amelia for its costs, expenses, and disbursements in prosecuting this action and the UAE action; and

4. That the Court grant such other relief as may be just and proper in the circumstances.

Dated: January 12, 2023
      New York, New York

Respectfully submitted,

By: /s/ *William R. Bennett*

William R. Bennett III
Noe S. Hamra
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000
Email: William.Bennett@blankrome.com
       Noe.Hamra@blankrome.com

Attorneys for Petitioner,
*Amelia Maritime Group Ltd.*

166452.06501/130188492v.1