UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMELIA MARITIME GROUP LTD., | Petitioner, | Civ. No. 22 CV 10269 (JSR) |
| v. | | |
| INTEGR8 FUELS INC., | | |
| | Respondent. | |

# MEMORANDUM OF LAW IN SUPPORT OF
# PETITION FOR DECLARATORY RELIEF

BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 885-5000
William.Bennett@blankrome.com
Noe.Hamra@blankrome.com

Attorneys for Petitioner,
*Amelia Maritime Group Ltd.*

*Counsel:*
William R. Bennett III
Noe S. Hamra

166452.06501/130235472v.1

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................3

BACKGROUND ..........................................................................................................................4

PROCEDURAL HISTORY..........................................................................................................5

ARGUMENT ................................................................................................................................6

    A.    THIS COURT HAS IN PERSONAM JURISDICTION OVER INTEGR8....................6

    B.    INTEGR8 HAS BEEN PROPERLY SERVED..............................................................7

    C.    THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PETITIONER'S CLAIMS.........................................................................................................................7

    D.    DECLARATORY JUDGMENT IS WARRANTED UNDER THE CIRCUMSTANCES .....................................................................................................9

    E.    AMELIA IS NOT A SIGNATORY TO AN AGREEMENT TO ARBITRATE ..........11

    F.    AMELIA CANNOT BE BOUND AS A NON-SIGNATORY TO AN ARBITRATION AGREEMENT THAT INTEGR8 MIGHT HAVE WITH ANOTHER PARTY ..........12

    G.    INTEGR8 HAS NO IN PERSONAM CLAIM AGAINST AMELIA ..........................13

CONCLUSION...........................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alesayi Beverage Corp. v. Canada Dry Corp.*,
  947 F. Supp. 658 (S.D.N.Y. 1996) ................................................................................... 12

*In re Arbitration Between Sunrise Shipping, Ltd. and American Recovery Co.*,
  No. 86 Civ. 7304 (JFK), 1987 WL 3726 (S.D.N.Y. Jan. 13, 1987) ........................................ 5

*China Shipping Container Lines Co. Ltd. v. Big Port Services DMCC*,
  803 Fed. Appx. 481 (2d Cir. 2020) ............................................................................. 9, 10

*Dow Jones & Co. v. Harrods Ltd.*,
  237 F. Supp. 2d 394 (S.D.N.Y. 2002), affd., 346 F.3d 357 (2d Cir. 2003) ............................ 8

*Dow Jones & Co. v. Harrods Ltd.*,
  346 F.3d 357 (2d Cir. 2003) ............................................................................................. 7

*Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*,
  697 F.3d 59 (2d Cir. 2012) ....................................................................................... 5, 6, 7

*Golden v. Zwickler*,
  394 U.S. 103 (1969) .......................................................................................................... 8

*ING Bank N.V. v. M/V TEMARA*,
  892 F.3d 511 (2d Cir. 2018) ............................................................................................ 11

*Kristensons-Petroleum, Inc. v. Sealock Tanker Co.*,
  304 F. Supp. 2d 584 (S.D.N.Y. 2004) ............................................................................... 7

*Melwani v. Jain*,
  02 Civ. 1224, 2004 U.S. Dist. LEXIS 16867, 2004 WL 1900356 (S.D.N.Y.
  Aug. 24, 2004) ................................................................................................................ 12

*Mitchell v. Nat'l Broad. Co.*,
  553 F.2d 265 (2d Cir. 1977) ............................................................................................ 12

*Monahan v. New York City Dep't of Corr.*,
  214 F.3d 275 (2d Cir. 2000) ............................................................................................ 12

*Mosha v. Yandex Inc.*,
  2019 U.S. Dist. LEXIS 169526 (S.D.N.Y. Sep. 30, 2019) ................................................ 11

*Murphy v. Gallagher*,
    761 F.2d 878 (2d Cir. 1985)..................................................................................................12

*Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*,
    670 F. Supp. 424 (D.D.C. 1987) ............................................................................................8

*In re Petition of Petrol Shipping Corp.*,
    360 F.2d 103 (2d Cir. 1966)...................................................................................................4

*Post Tribune Pub., Inc. v. American Arbitration Ass'n, Inc.*,
    767 F.Supp. 935 (N.D. In. 1991) ...........................................................................................8

*Stolt-Nielsen Transp. Group B.V v. Edible Oil Trading Corp.*,
    No. 06 Civ. 0703 (NRB), 2007 WL 194182 (S.D.N.Y. Jan. 24, 2007)..............................9, 10

*UPT Pool Ltd. v. Dynamic Oil Trading (Sing.) Pt Ltd.*,
    No. 14-CV-9262 (VEC), 2015 U.S. Dist. LEXIS 85950 (S.D.N.Y. July 1,
    2015) ......................................................................................................................................7

*Victory Transp. Inc. v. Comisaria General de Abastecimientos y Transportes*,
    336 F.2d 354 (2d Cir. 1964)................................................................................................4, 5

*Waldman v. Vill. of Kiryas Joel*,
    39 F. Supp. 2d 370 (S.D.N.Y. 1999), *aff'd*, 207 F.3d 105 (2d Cir. 2000) ...............................12

**Statutes**

28 U.S.C. § 2201(a) .......................................................................................................................7

Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. ....................................................................7

**INTRODUCTION**

In accordance with the parties' agreed schedule of December 15, 2022, Petitioner Amelia Maritime Group Ltd. ("Amelia"), submits this memorandum of law and the accompanying Declaration of Basil George Tsakiroglou (hereinafter "Tsakiroglou Dec.") dated January 20, 2023, in support of its motion for declaratory relief pursuant to 28 U.S.C. § 2201 et seq. with respect to the efforts of Respondent Integr8 Fuels Inc. ("Integr8") to drag Amelia into arbitration proceedings despite no agreement between the parties to arbitrate. Notwithstanding the lack of any written agreement between the two calling for arbitration, Integr8 has persisted in its attempt to impose arbitration on Amelia, going so far as to nominate an arbitrator even when it knew there was no basis to compel Amelia to arbitrate. As a result, Amelia had no choice but to commence these proceedings to stop Inetgr8's inappropriate actions.

Additionally, Amelia was forced to defend against Integr8's similar efforts in Rotterdam and the United Arab Emirates ("UAE") where Integr8 arrested Amelia's vessel and, at least in Rotterdam, litigated the issue of whether it has a valid claim against the vessel **and** Amelia *in personam*. (A copy of the Rotterdam Order be found at Dkt. 5-3.) The Court in Rotterdam dismissed Interg8's claim and awarded Amelia costs. The proceedings in the UAE remain open.

For the reasons fully stated below, Amelia respectfully requests an Order holding (1) Amelia it is not a party to the bunker supply contract; (2) Integr8 has no right to arbitrate as against Amelia under the bunker supply contract; and, (3) Integr8 has no *in personam* claim against Amelia for the unpaid bunkers provided to the M/V GOLDEN DESTINY (the "Vessel") in August 2018.

3

## BACKGROUND

As the Court is aware, this matter involves a claim – meritless - by Integr8 against Amelia for the payment of fuel oil delivered to the M/V GOLDEN DESTINY (the "Vessel") in August 2018. The facts of the case are fully described in Petitioner's First Amended Petition (Dkt. 15) and are hereby incorporated by reference.

For the past two years, Integr8 has forced Amelia to defend actions commenced in multiple jurisdictions seeking payment from Amelia for fuel oil supplied to the Vessel in August 2018. Amelia did not own the Vessel at the time the fuel oil was delivered, nor was Amelia a party to the bunker supply contract which contained the arbitration provision Interg8 seeks to enforce. (Tsakiroglou Dec. at ¶¶ 1 & 2; See also Exh. 1 to Tsakiroglou Dec.)

On November 25, 2022, Integr8 demanded Amelia arbitrate Integr8's claim pursuant to a New York arbitration clause in Integr8's General Terms and Conditions (which Amelia was not a party to). Within minutes of serving the arbitration notice, Amelia advised Integr8 by email that the commencement of arbitration was wrongful because Amelia was not a party to the bunker supply contract and was not the owner of the Vessel at the time the bunkers were supplied to the Vessel. In the same message, Integr8 was put on notice that its actions were a cause of great frustration and cost to Amelia, and that Amelia would take all steps to safeguard their position and seek damages for Integr8's frivolous and vexatious actions. The e-mail remained unanswered.

Integr8 was given ample opportunity to withdraw its demand for arbitration prior to Amelia filing the Petition but decided to wantonly press ahead with arbitration against Amelia for which there was no legal basis. Because Integr8 never responded to Amelia's request to explain the basis for such arbitration demand, and due to the impending deadline under the Society of Maritime Arbitrators' rules to appoint an arbitrator, Amelia was forced to file the Petition seeking, among

other things, immediate injunctive relief to stay the arbitration pending resolution of Amelia's Petition for declaratory judgment (Dkt. 9.) Faced with responding to the Order to Show Cause (Dkt. 10) and explaining the merits of its claim – which there are none - Integr8 withdrew its demand for arbitration against Amelia. (Dkt. 12.)  Interg8 continues to prosecute its claim in the United Arab Emirates ("UAE").

Integr8's withdrawal of its demand to arbitrate directed at Amelia does not provide Amelia with assurances that Integr8 will refrain from demanding arbitration from Amelia in the future.  In fact, Integr8's continuous harassment of Amelia around the world certainly indicates that it will continue its vexatious conduct towards Amelia.

## PROCEDURAL HISTORY

On December 5, 2022, Amelia filed a Petition for Injunctive Relief, Declaratory Judgment and Damages. (Dkt. 9.)

This Court issued an Order to Show Cause on December 5, 2022 (Dkt. 10) staying the arbitration proceedings pending a hearing and decisions on Amelia's initial application for a Declaratory Judgment that it is not obligated to arbitrate with Integr8 and permanently enjoining such arbitration. Integr8 withdrew its demand for arbitration against Amelia shortly thereafter on December 8, 2022. On December 14, 2022, the parties jointly proposed to this Court the following briefing schedule:

- By January 6, 2023, Respondent will file a responsive pleading to Petitioner's Petition;
- The case will then proceed in the normal course;
- Petitioner intends to file a motion for declaratory judgment on or before January 20, 2023;
- Respondent will file opposition papers to the motion within 21 days, and
- Petitioner will file its reply, if any, within 7 days.

On December 15, 2022, the Court granted the parties' proposed briefing schedule, with one amendment: "respondent's opposition will be due 14 days after the filing of the motion for declaratory judgment, and any reply will be due 7 days thereafter. Those dates are February 3, 2023 and February 10, 2023, respectively."

On January 6, 2023, Respondent filed an answer to Amelia's Petition. (Dkt. 14.)

On January 12, 2023, Petitioner filed a First Amended Petition. (Dkt. 15.)

## ARGUMENT

**A.     THIS COURT HAS *IN PERSONAM* JURISDICTION OVER INTEGR8**

Integr8's own General Terms & Conditions provide at Clause 13.1 that:

> Any dispute arising under, in connection with or incidental to this Contract shall be heard and decided at **New York City, New York State**, by three persons, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them shall be final and, for the purpose of enforcing any award, this Contract may be made a rule of the court…. The proceedings shall be conducted in accordance with the Rules of the Society of Maritime Arbitrators, Inc….

Dkt. 5-5 at p. 16 (emphasis added).

For over the last 50 years, it has been settled that by this language, "a party 'makes [itself] amenable to suit as if he were physically present in New York.'" *In re Petition of Petrol Shipping Corp.*, 360 F.2d 103, 107 (2d Cir. 1966) (quoting *Farr & Co. v. Cia Intercontinental de Navigacion*, 243 F.2d 342, 347 (2d Cir. 1957)); *accord Victory Transp. Inc. v. Comisaria General de Abastecimientos y Transportes*, 336 F.2d 354, 363 (2d Cir. 1964) (holding "[b]y agreeing to arbitrate in New York . . . the [defendant] must be deemed to have consented to the jurisdiction of the court. . . ."); *In re Arbitration between Marbueno Compania Naviera, S.A. and Cayman Caribbean Carriers*, No. 81 Civ. 1003 (WK), 1984 WL 1112, at *1 (S.D.N.Y. Mar. 22, 1984).

Hence, Integr8 has contractually submitted itself to this Court's jurisdiction.

B.     **INTEGR8 HAS BEEN PROPERLY SERVED**

As noted by the Second Circuit 50 years ago,

> [S]ince the [defendant] consented beforehand to the jurisdiction of the district court, the sole function of process in this case was . . . to notify the [defendant] that proceedings had commenced. This function was certainly performed.

*Victory Transp. Inc. v. Comisaria General*, 336 F.2d 354, 364 (2d Cir. 1964). In that case, the Second Circuit held that the district court's order that service take place by registered mail did not violate due process. *Id.* In the context of SMA arbitrations, courts of this district repeatedly have held that service of a party to an SMA arbitration clause may be properly made through the party's counsel. *See*, *e.g.*, *In re Arbitration Between Sunrise Shipping, Ltd. and American Recovery Co.*, No. 86 Civ. 7304 (JFK), 1987 WL 3726, at *1 (S.D.N.Y. Jan. 13, 1987); *Marbueno Compania Naviera*, 1984 WL 1112, at *2.

Here, this Court clearly provided sufficient notice to Integr8, as it has appeared to oppose Petitioner's application. Therefore, any argument by Integr8 that Petitioner has failed to effect service of process against Respondent should be rejected.

C.     **THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PETITIONER'S CLAIMS**

This Court has subject matter jurisdiction over Petitioner's claims based upon binding Second Circuit precedent. *See Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59 (2d Cir. 2012). *Garanti* is nearly on all fours with the instant case.

In *Garanti*, the petitioner vessel owner ("GFK") commenced an action for declaratory relief seeking a declaration that it was not bound to arbitrate with the respondent bunker supplier (referred to as "AM" by the Second Circuit). *Id.* at 62. AM had physically supplied bunkers to two vessels owned by GFK pursuant to contracts between AM and the vessels' manager. Thereafter, AM initiated arbitration against GFK in New York, alleging that GFK was bound to arbitrate

7

pursuant to the terms of the contract between AM and the manager. GFK sought a declaratory judgment, arguing that it was not bound to arbitrate because it was not a party to the contracts containing the arbitration clause. The district court dismissed GFK's complaint and ordered the parties to arbitration. GFK appealed the decision to the Second Circuit. *Id*. at 63.

Before turning to the merits of the appeal, the Second Circuit analyzed whether the district court properly exercised subject matter jurisdiction. *Id*. at 64-71. In particular, the Second Circuit analyzed whether maritime contract jurisdiction existed over the parties' dispute even though the petitioner, GFK, argued that it was not a party to any such contract with AM, *id.* at 65 (an argument that is similar to Amelia's here). The Second Circuit held that subject matter jurisdiction existed. *Id*. at 65-66.

The Second Circuit first noted that in the context of declaratory judgment actions, the issue of whether subject matter jurisdiction exists is often determined by looking at the nature of the claim that the declaratory defendant could bring against the plaintiff. *Id*. at 68 (citing *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952)). The Second Circuit explained that:

> If AM [the bunker supplier], the declaratory judgment defendant, had instead brought an action as plaintiff to collect on the contracts, the district court unquestionably would have had admiralty jurisdiction. **This declaratory judgment action is the mirror image of that suit, and the district court thus had admiralty jurisdiction here too**.

*Id*. at 65-66 (emphasis added). In other words, since the bunker supplier's claim against the vessel owner would have supported an exercise of maritime contract jurisdiction, such jurisdiction existed over the owner's declaratory judgment action concerning that same claim.

*Garanti* is directly on point and its holding and reasoning equally apply here. There is no doubt that Integr8's claim for payment against Amelia for the bunkers would give rise to an

8

exercise of maritime jurisdiction, if Integr8 was the plaintiff. *See Kristensons-Petroleum, Inc. v. Sealock Tanker Co.*, 304 F. Supp. 2d 584, 587 (S.D.N.Y. 2004) (claims by bunker suppliers for payment fall within court's maritime jurisdiction); *UPT Pool Ltd. v. Dynamic Oil Trading (Sing.) Pt Ltd.*, No. 14-CV-9262 (VEC), 2015 U.S. Dist. LEXIS 85950, at *30 (S.D.N.Y. July 1, 2015) (same). Accordingly, in line with *Garanti*, even though Amelia disputes that it has entered any contract with Integr8 and Amelia is the petitioner/plaintiff in this action, subject matter jurisdiction exists.

Simply put, the Second Circuit in *Garanti* already decided the issue of whether subject matter jurisdiction exists in a declaratory action brought by a party claiming that it is not a party to a bunker supply contract. Any arguments to the contrary are unavailing and should be rejected.

### D.   DECLARATORY JUDGMENT IS WARRANTED UNDER THE CIRCUMSTANCES

The Declaratory Judgment Act ("Act"), 28 U.S.C. § 2201 et seq., invests this Court with discretionary authority to exert jurisdiction over Petitioner's request for declaratory relief. In fact, Section 2201(a) states that "[i]n a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In considering whether to exercise this authority, courts generally compare the facts at issue against the two-prong standard adopted by the Second Circuit, to determine whether (1) a declaratory judgment would serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether that judgment would finalize the controversy and offer relief from uncertainty. *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359-360 (2d Cir. 2003).

Preliminarily, however, three basic considerations must be examined. First, does the action set forth in the pleadings raise an "actual controversy"; second, does the case at hand come within

the ambit of cases for which the Act was intended; and third, are there circumstances present in the case that render it sufficiently compelling to induce the court to exercise this discretionary authority? *See Dow Jones & Co. v. Harrods Ltd.*, 237 F. Supp. 2d 394 (S.D.N.Y. 2002), affd., 346 F.3d 357 (2d Cir. 2003).

The general principle is whether the facts here present, "under all of the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969); *see also* Charles Alan Wright, et al, Federal Practice & Procedure § 2757, at 477 (3d Ed. 1998) ("[T]he practical likelihood that the contingencies will occur and that the controversy is a real one should be decisive in determining whether the actual controversy exists."); *Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 670 F. Supp. 424, 430 (D.D.C. 1987).

We respectfully submit that the current dispute between Amelia and Integr8 is ripe for adjudication. The fact that Integr8 withdrew its Arbitration Demand against Amelia once Petitioner filed the current action has not mooted the issue. While "[a] court's jurisdiction to hear and determine a case may abate if a case becomes moot because 'it can be said with assurance that "there is no reasonable expectation ..." that the alleged violation will recur, ... and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation,'" the caselaw is clear that "[v]oluntary cessation at the complained of behavior by the alleged wrongdoer does not moot an issue capable of repetition yet evading review and deprive a court of its jurisdiction to hear and determine a case." *See, e.g., Post Tribune Pub., Inc. v. American Arbitration Ass'n, Inc.*, 767 F.Supp. 935 (N.D. In. 1991) (citing *County of Los Angeles v. Davis*, 440 U.S. at 625 (1979)).

Amelia respectfully requests that the Court determine the issue of Interg8's failure to establish it has the right to arbitrate against Amelia as well as the absence of an *in personam* claim against Amelia. In this respect, Amelia respectfully submits that the declaratory judgment is required given the serious risk that Integr8 will revive the proceedings against Amelia as is evident by the fact that, although the vessel's arrest was determined wrongful in Rotterdam, Integr8 nonetheless proceeded to arrest the vessel in the UAE and has as a result once again put Amelia to significant cost and exposed Amelia to substantial losses. There is therefore nothing to stop Integr8 - who has proven to be a highly aggressive litigator – from reviving proceedings against Amelia and continuing to harass Amelia.

### E.     AMELIA IS NOT A SIGNATORY TO AN AGREEMENT TO ARBITRATE

The record is clear in that Amelia is not a party to the bunker supply contract between Integr8 and Harmony Innovation Shipping Ltd. ("Harmony") and thus, it is **not** bound by the arbitration agreement contained in Integr8's General Terms and Conditions. *See, e.g., Stolt-Nielsen Transp. Group B.V v. Edible Oil Trading Corp.,* No. 06 Civ. 0703 (NRB), 2007 WL 194182, at *3 (S.D.N.Y. Jan. 24, 2007) (holding defendant was not party to contract containing the arbitration clause because defendant was not listed in the contract containing the arbitration agreement). *See also China Shipping Container Lines Co. Ltd. v. Big Port Services DMCC*, 803 Fed. Appx. 481 (2d Cir. 2020) ("Summary Order").

While Integr8's confirmation receipt includes language identifying the "Buyer" as "Harmony Innovation Shipping Ltd and Joint and Severally Owners/Managing Owners/Operators/Managers/Disponent Owners/Charterers. . .", this language does not actually bind any other party to the contract aside from Integr8's contractual partner, i.e. Harmony. Even if assuming *arguendo* the above language binds the owner of the Vessel, which is denied, Amelia

11

was not the owner of the Vessel at the time the contract was entered into between Harmony and Integr8, or even at the time the bunkers were supplied to the Vessel. In fact, the owner of the Vessel at the time the bunkers were supplied to the Vessel was non-party Golden Star Marine SA. (See Dkt. 5-2.) Amelia did not become the owner of the Vessel until almost two years later. (*Id.*) Therefore, there can be no argument that Amelia is bound by the contract Integr8 entered into with non-party Harmony, let alone an arbitration provision that is alleged to have been incorporated into such contract.

### F. AMELIA CANNOT BE BOUND AS A NON-SIGNATORY TO AN ARBITRATION AGREEMENT THAT INTEGR8 MIGHT HAVE WITH ANOTHER PARTY

A party cannot be compelled to arbitrate unless it has entered into an agreement to do so. Courts have recognized several theories by which non-signatories may be bound to the arbitration agreements of others. *See*, *e.g.*, *Thomson-CSF,* 64 F.3d at 776. These theories arise out of common law principles of contract and agency law: 1) incorporation by reference; 2) assumption; 3) veil-piercing/alter ego; 4) estoppel; and 5) agency. *Id.* None of these theories provide Integr8 with any comfort here. In examining whether a non-signatory should be bound to an agreement to arbitrate, this Court cannot bind a non-signatory unless "the totality of the evidence supports an objective intention to agree to arbitrate." *Stolt-Nielsen*, 2007 WL 194182, at *3 (quoting *Sarhank Group v. Oracle Corp.,* 404 F.3d 657, 662 (2d Cir. 2005)). As fully explained in Petitioner's Memorandum of Law in Support of its Motion to Temporarily Restrain and Preliminarily Enjoin Arbitration (Dkt. 6 pp. 11-13), none of the above theories are applicable here. Thus, Amelia cannot be compelled to arbitrate based on Integr8's General Terms and Conditions.

12

G. **INTEGR8 HAS NO *IN PERSONAM* CLAIM AGAINST AMELIA**

As fully explained above, Amelia is not a party to the bunker supply contract between Integr8 and Harmony, and as such, Integr8's claim for unpaid bunkers, including but not limited to the contractual interest, costs, fees, and expenses, are not recoverable against Amelia *in personam*.

Even if assuming arguendo that Integr8 could claim against the Vessel *in rem* pursuant to the Commercial Instrument and Maritime Lien Act ("CIMLA"), which is also denied it exists under the circumstances, the alleged lien would only be available against the Vessel, *in rem*, and would **not** afford Integr8 any *in personam* rights as against Amelia. *See ING Bank N.V. v. M/V TEMARA*, 892 F.3d 511, 518-19 (2d Cir. 2018).

Furthermore, the Rotterdam court already found that Integr8 had no *in personam* claim against Amelia. To this end, the Rotterdam court stated:

> The Preliminary Injunction Judge states, first and foremost, that lntegr8 has no claim against Amelia. After all, Amelia has no obligation to pay the purchase price for the bunker deliveries to lntegr8. Amelia is not a party to the purchase agreement concluded between Integr8 and the charterer at that time and there is also no reason to assume that a shipowner becomes debtor in the case of an order of bunker deliveries by a time charterer. Therefore, the question to be assessed now is whether the claim of Integr8 can be recovered from the ship belonging to Amelia.

(Dkt. 5-3 at p. 10, ¶ 4.4.)

Courts apply the principles of comity to preclude re-litigation of substantially the same issues which have already been determined by a foreign court based on the doctrine of collateral estoppel. *Mosha v. Yandex Inc.*, 2019 U.S. Dist. LEXIS 169526, at *13-15 (S.D.N.Y. Sep. 30, 2019). The doctrine of *res judicata* broadly encompasses the notion that "a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their

13

privies[.]" *Mitchell v. Nat'l Broad. Co.*, 553 F.2d 265, 268 (2d Cir. 1977) (quoting *S. Pac. R. Co. v. United States*, 168 U.S. 1, 48 (1897)). The doctrine *of res judicata* embraces two concepts: issue preclusion and claim preclusion. *Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir. 1985). Issue preclusion, often referred to as collateral estoppel, is succinctly defined as "the preclusive effect of a judgment that prevents a party from litigating a second time an issue of fact or law that has once been decided." *Murphy*, 761 F.2d at 879.

The Second Circuit has held that collateral estoppel requires two levels of inquiry: "(1) the court must determine if the issues are identical and the issues necessarily decided in the prior action are decisive in the present action; and, (2) the court must determine whether the party to be bound had a full and fair opportunity to contest the determination." *Alesayi Beverage Corp. v. Canada Dry Corp.*, 947 F. Supp. 658, 666 (S.D.N.Y. 1996) (citing *Conte v. Justice*, 996 F.2d 1398, 1400 (2d Cir. 1993)). It is well-settled in this Circuit that literal privity is not required for *res judicata* to apply. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). Privity exists when the interests of a nonparty were adequately represented in the initial action. *Waldman v. Vill. of Kiryas Joel*, 39 F. Supp. 2d 370, 382 (S.D.N.Y. 1999), *aff'd*, 207 F.3d 105 (2d Cir. 2000). A nonparty's interests can be adequately represented when they had a sufficiently close relationship with a defendant in the prior action to support preclusion. *Id.; see also Melwani v. Jain*, 02 Civ. 1224, 2004 U.S. Dist. LEXIS 16867, 2004 WL 1900356, at *2 (S.D.N.Y. Aug. 24, 2004) (applying *res judicata* even when two companies were separate entities, because they had overlapping shareholders, officers, and directors).

Here, it has already been determined by the Court in Rotterdam that there is no agreement between Integr8 and Amelia; in fact, this is consistent with US law where Integr8 also does **not** have an *in personam* claim against Amelia. (Dkt. 5-3 at p. 10, ¶ 4.4.)

Therefore, this Court should further declare that Integr8 has no *in personam* claim against Amelia.

## CONCLUSION

For the reasons set forth above, and in Petitioner's Memorandum of Law in Support of its Motion to Temporarily Restrain and Preliminarily Enjoin Arbitration at Dkt. 6, Amelia respectfully requests that the Court enter a judgment in its favor determining as follows:

    a.    Integr8 is not entitled to avail itself of the arbitration clause in its Terms and Conditions as against Amelia;

    b.    Integr8's arbitration demand on Amelia was invalid;

    c.    Integr8 has no valid *in personam* claim against Amelia for the unpaid bunkers; and,

    d.    Granting Amelia such other and further relief as the Court deems just and appropriate.

Dated: January 20, 2022
       New York, New York

Respectfully submitted,

By:    /s/ *William R. Bennett*

William R. Bennett III
Noe S. Hamra
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000
Email: William.Bennett@blankrome.com
       Noe.Hamra@blankrome.com

Attorneys for Petitioner

15